## CITY OF NEW ORLEANS *v.* J. SOLOMON.

The Act of the Legislature of the 18th of March, 1850, creating a distinction between urban and rural property, in preparing the budget of receipts and expenditures of the city of New Orleans, is repealed by the Consolidation Act of 1852.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Heistand*, Assistant City Attorney, for the plaintiff. *Laville*, for defendant and appellant.

OGDEN, J. (SLIDELL, C. J., absent.) This is a suit to recover taxes which the defendant resists, on the ground that none of the formalities required by the Act of the Legislature of 1850, have been complied with.

The case of the *City of New Orleans* v. *Phillips*, 9 An. 45, is relied on to support the defence. The decision in that case, related to a tax for the year 1850, and was governed by the Act of the Legislature of the 18th of March, 1850, which required that the council of each municipality should every year before any tax, fix and determine by ordinance, the limit between the urban and the rural parts of the municipality, and that before fixing the amount of the tax to be assessed, they should cause to be made out a budget or estimate of expenditures for the urban part, and another like estimate or budget for the rural part for the current year, to be published in English and French, &c. The question presented is, whether the powers of that act remained in force after the Act of Consolidation was passed in 1852. The 19th section of this Act, entitled an Act to Consolidate the City of New Orleans, and to provide for the government and administration of its affairs, provides, that whenever a vote shall be taken in either board upon the passage of an ordinance to lay any tax, such ordinance shall be published before being acted on by the other board, except in certain cases. The 29th section prescribes the duties of the Comptroller, and directs that he shall publish annually a report containing, among other things, an estimate of the receipts and expenditures of the current year, and, in general, all such matter in connection with the fiscal affairs of the city as the Comptroller may consider of public interest. The distinction between urban and rural property is entirely omitted in this act. We think its provisions in relation to the manner of preparing and publishing the budget of receipts and expenditures of the city and establishing the formalities to precede taxation, cannot be reconciled with the requirements of the Act of 1850, and that the provisions of this latter act on that subject are therefore repealed.

The judgment of the court below is therefore affirmed, with costs.